IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY BUTERRA WILLIAMS, )
)
Petitioner, )
)
v. ) Civil Action No. 3:10CV709-HEH
)
DAVID L. SIMMONS, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2241 Petition)

Petitioner brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter is before the Court on Petitioner's response to the Court's March 17, 2011 Memorandum Order, directing him to explain, *inter alia*, how he has exhausted all state remedies with respect to his current detention and why the action should not be dismissed for failure to exhaust his state remedies. Petitioner responded to that March 17, 2011 Memorandum Order. Additionally, on March 28, 2011, Petitioner filed an Amended § 2241 Petition. The Amended § 2241 Petition will supplant the Original § 2241 Petition. The matter is ripe for disposition.

### I. Factual and Procedural Background

Petitioner is currently detained pending his trial in the Circuit Court for the City of Suffolk ("Circuit Court") on multiple charges of malicious wounding. (Pet'r's Resp. Mar. 28, 2011 Mem. Order ("Pet'r's Resp.") 1.) Petitioner does not specify the trial date for the foregoing charges. (*Id.*)

In his Amended § 2241 Petition, Petitioner contends that he is entitled to relief upon the following grounds.

> Claim One    "Unlawfully detained and prosecuted by state as a direct result of and continuation of fraud and outrageous government conduct by federal government." (Am. § 2241 Petition 3.)[1]
>
> Claim Two    "As a matter of federal law, state lacks subject matter jurisdiction to detain and prosecute petitioner." (*Id.* at 5.)
>
> Claim Three "State denying petitioner his federal rights to due process, access to the court, and self[-]representation." (*Id.* at 6.)

Petitioner suggests that he has exhausted his state court remedies because, *inter alia*, he has repeatedly put his claims for habeas relief before the state courts but those courts have failed to address his claims.

## II. Analysis

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531

---

[1] The Court has corrected the capitalization in the quotations to Petitioner's submissions.

n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* at 531 (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951)).[2] "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special

---

[2] "In the pretrial context, the exhaustion requirement is imposed to preclude '*the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.*'" *Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (emphasis added) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973)). The Supreme Court used the highlighted language "to distinguish between two types of speedy trial claims. The appropriate habeas claim where the habeas petitioner sought to compel the state to bring him to trial, rather than the illegitimate habeas claim where the petitioner seeks to abort a scheduled trial on speedy trial grounds." *Id.* at *2 n.3 (citing *Moore v. DeYoung*, 515 F.2d 437, 445–46 (3d Cir. 1975)).

circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 224 (citing cases); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)). Here, the issues raised by Petitioner, both in his § 2241 Petition and his subsequent submissions, may be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing § 2241 petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"). Petitioner fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2241 Petition and the action will be dismissed without prejudice because Petitioner has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Williams v. Simons*, No. 3:10cv599-

HEH, 2011 WL 1827868, at *2 (E.D. Va. May 12, 2011) (dismissing without prejudice similar § 2241 petition by Petitioner).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 21, 2011
Richmond, Virginia

5